```
-----------------------------------X----------------------------
ORLANDO COLLAZO,                   :UNITED STATES DISTRICT COURT
                                   :SOUTHERN DISTRICT OF NEW YORK
            Plaintiff,             :
                                   :     CASE No.:_____
    against                        :
                                   :     CIVIL ACTION
                                   :
THE CITY OF NEW YORK, DETECTIVE    :     COMPLAINT
JOSEPH CIRIGLIANO, and CVS         :
CAREMARK CORPORATION,              :     PLAINTIFF DEMANDS
                                   :     TRIAL BY JURY
                                   :
            Defendant(s).          :
-----------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiff, Orlando Collazo hereby appears in this action by his attorneys, Nwokoro & Scola, Esquires, and demands that all papers be served upon them, at the address below, in this matter.

Plaintiff, Orlando Collazo, by his attorneys, Nwokoro & Scola, Esquires, complaining of the defendants, The City of New York, Detective Joseph Cirigliano, Shield #3203, and CVS Caremark Corporation, collectively referred to as the Defendants, upon information and belief alleges as follows:

**NATURE OF THE ACTION**

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and further arising under the law and statutes of the State of New York].

**JURISDICTION**

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

**SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT**

5. All conditions precedent to the filing of this action have been complied with. On or about December 18, 2015, within ninety days after the false Arrest and other claims alleged in this complaint arose, a sworn written notice of claim, was served upon the defendant City of New York. The plaintiff's claim was assigned the number 2015P1035226 by

the City of New York's Comptroller's office.

6. At least thirty days have elapsed since the service of the abovementioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

7. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

**PARTIES**

8. Plaintiff resides in the City, County and State of New York.

9. The actions which form the underlying basis for this case all took place in the County of New York, within the jurisdiction of the Southern District of New York.

10. Defendant Cirigliano is a police officer for the City of New York acting under color of state law. He is sued here in both his individual and official capacities.

11. The Defendant, City of New York is a municipality in the State of New York and employs the defendant Cirigliano.

12. Defendant CVS Caremark Corporation is a foreign corporation doing business in the City of New York, within the County and State of New York.

13. Defendant CVS Caremark Corporation is the owner, operator and manager of CVS Pharmacy, Store #10654, located at 757 3rd Avenue, Ground Floor, New York, New York 10017.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

14. On or about October 1, 2015, plaintiff was shopping at a CVS Store located at 757 3rd Avenue in Manhattan, when he was approached by two store employees who forcibly escorted him to the back of the store.

15. Plaintiff was restrained and prevented from leaving by store employees who accused plaintiff of robbing the store. The CVS Pharmacy employees accused the plaintiff of having robbed the store on September 17, 2015. Plaintiff explained to the CVS employees that he did not rob the store and could not have robbed the store on that date, since he was incarcerated as of the time of the alleged robbery.

16. Despite plaintiff's remonstrations, CVS Pharmacy employees forcibly detained the plaintiff and held him at the store until the police arrived in the person of defendant Detective Joseph Cirigliano.

17. Plaintiff explained to defendant Cirigliano that he did not rob the store on 9/17/15 and could not have robbed the store on that date because he was incarcerated at the time, however, defendant Cirigliano ignored the plaintiff and arrested him anyway.

18. Plaintiff was placed in handcuffs and taken to the police station and further detained. Then plaintiff was transported to the Criminal Court, Central Bookings Division, New York County, where he was further detained.

19. Plaintiff was charged with one count of robbery in the second degree and detained for six days.

20. Plaintiff was caused to return to court one more time before the case was dismissed on October 6, 2015.

21. The decision to arrest the plaintiffs was objectively unreasonable under the circumstances.

22. That while plaintiff was being detained, defendant Cirigliano completed arrest paperwork, in which he swore in part, that the plaintiff had committed a crime and/or offense.

23. The factual claim by defendant Cirigliano were materially false and the defendant knew it to be materially false or

4

were recklessly indifferent and or deliberately indifferent, to the falsity of the claims, at the time they first made it, and every time thereafter, when they repeated it.

24. That defendant Cirigliano forwarded these false allegations to the New York County District Attorney ("NYCDA") in order to justify the arrests and to persuade the NYCDA to commence the plaintiff's criminal prosecution.

25. That as a direct result of these false allegations by defendant Cirigliano, the plaintiff was criminally charged under Docket Number 2015NY063859.

26. That plaintiff was caused to defend himself from the criminal charge, and to appear in court twice and was detained while the prosecution was pending.

27. On October 6, 2015, all criminal charges against the plaintiff stemming from the arrest of October 1, 2015, were dismissed.

28. At no time prior to or during the above events was there probable cause to arrest the plaintiff, nor was it reasonable for the defendants to believe that probable cause existed.

29. The false arrest of plaintiffs, and plaintiffs wrongful imprisonment, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

30. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

31. This action has been commenced within one year and ninety days after the happening of the event upon which the claim

5

is based.

## AS A FIRST CAUSE OF ACTION: AGAINST DEFENDANT CIRIGLIANO AND THE CITY OF NEW YORK/ FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

32. By this reference, plaintiffs incorporates each and every allegation and averment set forth in all preceding paragraphs of this complaint as though fully set forth herein.

33. The arrest, detention and imprisonment of plaintiff was without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

34. As a result of plaintiffs' false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know them, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and have been otherwise damaged in his character and reputation.

35. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

36. Defendant Cirigliano was at all material times acting within the scope of his employment, and as such, the defendant City is vicariously liable for defendant Cirigliano's acts as described above.

## AS A SECOND CAUSE OF ACTION: AGAINST DEFENDANTS CIRIGLIANO AND THE CITY OF NEW YORK FOR MALICIOUS PROSECUTION UNDER 42 U.S.C§ 1983/NEW YORK STATE LAW

37. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 52 of this complaint as though fully set forth herein.
38. The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the imprisonment, and the charges against plaintiff were committed by or at the insistence of defendant Cirigliano without probable cause or legal justification, and with malice.
39. That defendant Cirigliano was directly involved in the initiation of criminal proceedings against the plaintiff.
40. That defendant Cirigliano lacked probable cause to initiate criminal proceedings against the plaintiff.
41. That defendant Cirigliano acted with malice in initiating criminal proceedings against the plaintiff.
42. That defendant Cirigliano was directly involved in the continuation of criminal proceedings against the plaintiff.
43. That defendant Cirigliano lacked probable cause in continuing criminal proceedings against the plaintiff.
44. That defendant Cirigliano acted with malice in continuing criminal proceedings against the plaintiff.
45. That defendant Cirigliano misrepresented and falsified evidence throughout all phases of the criminal proceeding.
46. That defendant Cirigliano misrepresented and falsified evidence to the prosecutors in the New York County District Attorney's office.
47. That defendant Cirigliano withheld exculpatory evidence from the prosecutors in the New York County District Attorney's office.

48. That defendant Cirigliano did not make a complete statement of facts to the prosecutors in the New York County District Attorney's office.
49. The criminal judicial proceeding initiated against plaintiffs was dismissed on October 6, 2015, and terminated in the plaintiff's favor.
50. The arrest, imprisonment and prosecution of the plaintiff was malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiffs had committed any crimes.
51. Defendant Cirigliano's actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.
52. As a consequence of the malicious prosecution by defendants, plaintiffs suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.
53. Defendant Cirigliano acted under pretense and color of state law and in his individual and official capacities and within the scope of his employment as an NYPD Officer. Said acts by defendant Cirigliano were beyond the scope of his jurisdiction, without authority of law, and in abuse of their powers, and said Defendant acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.
54. As a direct and proximate result of the misconduct and

abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

### AS A THIRD CAUSE OF ACTION: AGAINST DEFENDANT CVS CAREMARK CORPORATION FOR ASSAULT

55. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in preceding paragraphs of this complaint as though fully set forth herein.

56. On October 1, 2015, employees of Defendant CVS Caremark Corporation, without justification, cause, provocation or legal authority, assaulted the plaintiff while he was lawfully within their store, by physically grabbing hold of him and compelling him to follow them to the back of the store, where they forcibly restrained him and prevented him from leaving, without his consent, until the police arrived.

57. As a result of the aforementioned conduct of the defendants employees, the plaintiff suffered humiliation, public opprobrium, mental distress, arrest by the police, prosecution for crime he did not commit, and custodial detention for 6 days, and has thus been injured.

58. That the defendant CVS Caremark Corporation CVS) is vicariously liable for its employees acts detailed above as those acts were committed within the scope of the employees employment.

59. That defendant CVS is vicariously liable for its employees said acts as those acts and the employees conduct was generally foreseeable and a natural consequence of the employment.

## AS A FOURTH CAUSE OF ACTION: AGAINST DEFENDANT CVS CAREMARK CORPORATION FOR FALSE IMPRISONMENT

60. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in preceding paragraphs of this complaint as though fully set forth herein.
61. On October 1, 2015, employees of Defendant CVS Caremark Corporation, without justification, cause, provocation or legal authority, falsely imprisoned the plaintiff while he was lawfully within their store, by physically grabbing hold of him and compelling him to follow them to the back of the store, where they forcibly restrained him and prevented him from leaving, without his consent, until the police arrived.
62. As a result of the aforementioned conduct of the defendants employees, the plaintiff suffered humiliation, public opprobrium, mental distress, arrest by the police, prosecution for crime he did not commit, and custodial detention for 6 days, and has thus been injured.
63. That the defendant CVS Caremark Corporation (CVS) is vicariously liable for its employees acts detailed above as those acts were committed within the scope of the employees employment.
64. That defendant CVS is vicariously liable for its employees said acts as those acts and the employees conduct was generally foreseeable and a natural consequence of the employment.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

Dated: February __9__, 2017,
New York, New York

                                      _____/s/_____-
Chukwuemeka Nwokoro, Esq.
Nwokoro & Scola, Esquires
Attorney for Plaintiff
44 Wall Street, Suite 1218
New York, New York 10005
Tel. (212) 785-1060