USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/20/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ORLANDO COLLAZO,

                       Plaintiff,

              -against-                        No. 17 Civ. 1040 (LGS)

THE CITY OF NEW YORK, et al.,                **ORDER AND OPINION**

                     Defendants.

------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Orlando Collazo brings this action against Defendants the City of New York ("City"), Detective Joseph Cirigliano and CVS Caremark Corporation ("CVS") seeking money damages and other relief arising from Plaintiff's arrest at Defendant CVS' store and his subsequent criminal prosecution. Defendants move for judgment on the pleadings. For the reasons below, the motion is granted.

**I.    BACKGROUND**

      The facts below are drawn from the Complaint and the Criminal Court Complaint, of which the Court is entitled to take judicial notice. *See* Fed. R. Evid. 201(b)(2); *see Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998); *accord Ackerman v. Local Union*, *363, Intern. Broth. of Elec. Workers*, 423 F.Supp.2d 125, 128 (S.D.N.Y. 2006). For purposes of this motion, the allegations in the Complaint are assumed to be true and are construed in the light most favorable to Plaintiff as the non-moving party. *See Spak v. Phillips*, 857 F.3d 458, 463 n.2 (2d Cir. 2017).

On October 1, 2015, Plaintiff was shopping at a CVS store in Manhattan. Two CVS employees forcibly escorted Plaintiff to a back room of the store for allegedly having stolen three shampoo bottles from the store on September 17, 2015. The employees restrained Plaintiff and prevented him from leaving until Defendant Cirigliano arrived. The CVS employees told Detective Cirigliano that they had witnessed Plaintiff stealing shampoo on September 17, 2015. Plaintiff explained to Defendant Cirigliano that he could not have stolen shampoo on that date because he had been incarcerated at the time. Without investigating the veracity of Plaintiff's explanation, Defendant Cirigliano arrested and transported Plaintiff to the police station, where he was detained. Later the same day, Plaintiff was transported to the Criminal Court and charged with one count of robbery in the second degree and was further detained for an additional six days.

On the day of Plaintiff's arrest, Defendant Cirigliano prepared the Criminal Court Complaint in which he swore in part that Plaintiff "forcibly stole property and in the course of the commission of the crime and immediate flight therefrom, [and that Plaintiff] caused physical injury to [a CVS employee]." Defendant Cirigliano also swore that "[t]he factual basis for this charge" was that a CVS employee had told him that on September 17, 2015, "he observed [Plaintiff] take three shampoos off of the shelf and place them into a bag he brought into the store."

Defendant Cirigliano's statements were forwarded to the New York County District Attorney, who then criminally prosecuted Plaintiff for the alleged robbery. Plaintiff was made to return to court once before October 6, 2015, when Plaintiff's criminal charge was dismissed.

## II. LEGAL STANDARD

The Court reviews a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) under the same standard as a Rule 12(b)(6) motion to dismiss. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). The Court accepts as true all of the non-moving party's well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 637 F.3d 112, 115 (2d Cir. 2011). To survive a motion for judgment on the pleadings, the plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

On a Rule 12(c) motion, the Court may consider "the complaint, the answer, any written documents attached to them, . . . any matter of which the court can take judicial notice for the factual background of the case[,] . . . any written instrument attached . . . as an exhibit, materials incorporated . . . by reference, and documents that, although not incorporated by reference, are integral" to the pleadings. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation marks omitted).

## III. DISCUSSION

The Complaint alleges assault and false imprisonment under New York law against Defendant CVS. The Complaint alleges false arrest, false imprisonment and malicious prosecution under 28 U.S.C. § 1983 and New York law against Defendants City and Cirigliano. Defendants move for judgment on the pleadings on all counts. Because Plaintiff concedes that his claims against CVS and his state law claims against all Defendants are time barred, only Plaintiff's § 1983 claims against Defendants City and Cirigliano are addressed below.

### A. § 1983 Claims against the City

The City's motion for judgment on the pleadings is granted under the *Monell* doctrine. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978). A municipality can be held liable under § 1983 only if a plaintiff's injury is the result of municipal policy or custom, *id.* at 694, and a municipality is "not vicariously liable under § 1983 for [its] employees' actions," *Connick v. Thompson*, 563 U.S. 51, 60 (2011). The Complaint does not allege that Plaintiff's arrest and prosecution were the result of a custom or policy. Plaintiff also concedes that there is no vicarious liability claim against the City. Consequently, Plaintiff's claims under § 1983 against the City are dismissed.

### B. § 1983 Claims against Defendants Cirigliano

#### 1. False Arrest and False Imprisonment under § 1983

Defendant Cirigliano's motion for judgment on the pleadings is granted as to Plaintiff's false arrest and false imprisonment claims under § 1983 because Defendant Cirigliano had probable cause to arrest Plaintiff. "Probable cause is a complete defense to a constitutional claim of false arrest and false imprisonment." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). "Probable cause [to arrest] exists when the [arresting] officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016) (internal quotation marks omitted). Courts "must consider those facts available to the officer at the time of the arrest and immediately before it, as probable cause does not require absolute certainty" and "should look to the totality of circumstances." *Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012) (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006)).

An officer is entitled to rely on the putative victim or eyewitness' allegations that a crime has been committed, "unless the circumstances raise doubt as to the person's veracity." *Fabrikant*, 691 F.3d at 216. "[A]n identified citizen informant is presumed to be reliable," *id.*, and "[i]t is not unreasonable for police officers to rely on the accounts provided by [complainants] even when confronted with conflicting accounts," *Martinez v. Simonetti*, 202 F.3d 625, 635 (2d Cir. 2000); *accord Creighton v. City of New York*, No. 12 Civ. 7454, 2017 WL 636415, at *27 (S.D.N.Y. Feb. 14, 2017).

In *Curley v. Village of Suffern*, the plaintiff was arrested after a barroom brawl. 268 F.3d 65, 70 (2d Cir. 2001). The plaintiff alleged that the defendant police officer lacked probable cause because the plaintiff's account of the brawl conflicted with that of the witnesses. *Id.* The Second Circuit concluded that the witnesses' account of the brawl provided probable cause and that the conflicting accounts of the arrestee and the complainants did not vitiate probable cause. *Id.*

Here, Defendant Cirigliano was entitled to rely on the CVS employees' allegations that Plaintiff stole shampoo bottles on September 17, 2015, because an eyewitness' accounts are presumptively reliable. *Martinez*, 202 F.3d at 634. Defendant Cirigliano was not required to investigate Plaintiff's conflicting claim of innocence, even if it was easy to do so. *See Panetta*, 460 F.3d at 395–96 ("[A]n officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause."); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) ("Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Plaintiff advances no other evidence to undermine the credibility of the CVS employees, or to suggest that Defendant Cirigliano did not rely in good

5

faith on their account. *See Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012) (summary order) ("The detailed account given by [the victim] – without any obvious reason for skepticism – provided sufficient probable cause. The circumstances of this case did not require further investigation to support probable cause." (internal citations omitted)).

Because the Complaint alleges facts that support a finding of probable cause, the claims of false arrest and false imprisonment against Defendant Cirigliano are dismissed, without the need to address his claim of qualified immunity.

### 2. Malicious Prosecution under § 1983

Defendant Cirigliano's motion for judgment on the pleadings is granted as to the malicious prosecution claim. "In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002) (citations omitted). To establish malicious prosecution under New York law, "a plaintiff must show that a proceeding was commenced or continued against him, with malice and without probable cause, and was terminated in his favor." *Id.* To show malice, a plaintiff must show that the prosecution was based on "a wrong or improper motive, something other than a desire to see the ends of justice served." *Rounseville v. Zahl*, 13 F.3d 625, 630 (2d Cir. 1994) (citing *Nardelli v. Stamberg*, 377 N.E.2d 975, 976 (N.Y. 1978)). Under § 1983 and New York law, "[t]he existence of probable cause is a complete defense to a claim of malicious prosecution." *Manganiello v. City of New York*, 612 F.3d 149, 161–62 (2d Cir. 2010). Probable cause is considered in light of the facts known or reasonably believed at the time the prosecution was initiated. *Mangino v. Incorporated Vill. of Patchogue*, 808 F.3d 951, 957 n.3 (2d Cir. 2015).

For the reasons already stated, the Complaint alleges facts showing that Defendant Cirigliano had probable cause to believe Plaintiff had committed a crime at the time he was arrested. The Complaint does not allege any facts to suggest that this probable cause had dissipated by the time Plaintiff was prosecuted. The Complaint also alleges no facts to show that "the proceeding was instituted with malice." *Ricciuti*, 124 F.3d at 131.

Plaintiff's Reply argues that Defendant Cirigliano ignored allegedly exculpatory evidence -- that Plaintiff was incarcerated at the time of the robbery -- and that this evinces Defendant's "awareness of conscious falsity" as to Plaintiff's charge. *D'Olimpo v. Crisafi*, 718 F.Supp.2d 340, 345 n. 4 (S.D.N.Y. 2010), *aff'd*, 462 F. App'x 79 (2d Cir. 2012). However, the Complaint does not allege facts showing that Defendant Cirigliano knew that Plaintiff was incarcerated on September 17, 2015. Defendant Cirigliano's alleged failure to investigate Plaintiff's alibi defense does not support an inference of malice. As noted above, once the arresting officer has probable cause to arrest, he has no duty to investigate exculpatory defenses offered by the arrestee or to assess the credibility of unverified claims of justification before making an arrest. *Jocks v. Tavernier*, 316 F.3d 128, 135–36 (2d Cir. 2003). After the arrest, the arresting officer is "neither required nor allowed to sit as prosecutor, judge or jury. [His] function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Panetta*, 460 F.3d at 396; *accord Guerrero v. City of New York*, No. 12 Civ. 2916, 2013 WL 5913372, at *4 (S.D.N.Y. Nov. 4, 2013).

Because the Complaint fails to allege facts showing the absence of probable cause and the presence of malice, the issues of initiation or continuation of Plaintiff's prosecution need not be addressed.

7

**IV. CONCLUSION**

For the foregoing reasons, Defendants' motion for judgment on the pleadings is GRANTED. The Clerk of Court is directed to close the motion at Dkt. No. 29.

SO ORDERED.

Dated: November 20, 2017
       New York, New York

                                      **LORNA G. SCHOFIELD**
                                      **UNITED STATES DISTRICT JUDGE**